## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| HEATHER BILL, | ) |
| Plaintiff, | ) 1:17-cv-01159 |
| v. | ) |
| T-H PROFESSIONAL & MED COLLECTIONS, LTD., | ) |
| Defendant. | ) |

### COMPLAINT

NOW COMES the plaintiff, HEATHER BILL, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, T-H PROFESSIONAL & MED COLLECTIONS, LTD., the plaintiff states as follows:

#### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

#### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

#### III.  PARTIES

4. HEATHER BILL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Washington, County of Tazewell, State of Illinois.

5. The Debt was for a medical bill which was for the personal use of Plaintiff and/or used for household expenditure.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. T-H PROFESSIONAL & MED COLLECTIONS, LTD., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant's principal place of business is located in the State of Illinois. Defendant is registered as a limited in the State of Illinois.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

13. On or about March 16, 2017, Plaintiff's ex-husband received a telephone call from a duly authorized representative of Defendant, who stated that she was calling to collect the Debt from Plaintiff.

14. At that time, Plaintiff's ex-husband advised that they were no longer a married couple and that this bill was incurred solely by Plaintiff.

15. Despite being advised that this person was not the debtor and no longer the spouse of the Plaintiff, who was the debtor, Defendant persisted on calling Plaintiff's ex-husband three (3) more times that day.

16. In response to the above, Plaintiff contacted the Defendant to discuss the purpose of the calls and spoke with a representative named "Wanda".

17. On or about March 16, 2017, during the course of a telephone call between Wanda and Plaintiff, Defendant stated that they just did am employment verification where her ex-husband worked, and now they were going to do an employment verification where she, the Plaintiff worked.

18. Plaintiff inquired of Wanda why she was verifying their employment, and in response Wanda stated that once they verify the employment, the collector is going to take the money on an involuntary basis if it won't be paid voluntarily.

19. The aforementioned representation had the effect of conveying to an unsophisticated consumer that either Defendant had a present right to garnish her wages

20. Defendant's representations, as delineated above, were false, deceptive and misleading given that no lawsuit had been instituted against Plaintiff, no judgment had been obtained against Plaintiff, and Defendant had no right to either take money involuntarily from Plaintiff's paycheck.

21. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that Defendant had no right to garnish Plaintiff's paycheck and had no means to take money from Plaintiff involuntarily.

22. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

23. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the Debt, the name of the creditor to whom the Debt is owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the debt collector.

24. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

   b. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

   c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   e. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

   f. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

      h. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

      i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

25. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

26. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HEATHER BILL, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

      a. All actual compensatory damages suffered;

      b. Statutory damages of $1,000.00;

      c. Plaintiff's attorneys' fees and costs;

      d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**HEATHER BILL**

By:    s/ Larry P. Smith
       Attorney for Plaintiff

Dated: April 18, 2017

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com